FRED B. JONES ET AL. v. STANDARD HOME AND SAVINGS ASSN. CO. ET AL.

1. JURISDICTION OF PROBATE COURT IS SPECIFIC, NOT GENERAL.

    The jurisdiction of the probate court is limited by statute, is specific, not general, and its auxiliary and incidental powers are limited to such as are necessary and proper to carry into effect the powers expressly granted.

2. PROBATE HAS NOTHING TO DO WITH THE MAKING OF AN ASSIGNMENT.

    The probate court has nothing whatever to do with the making of an assignment; all that the law authorizes the probate court to do is to receive the assignment, endorse thereon the time when it was received, and enter the filing of it upon the journal. The further duties of the court are in directing the asignee in the disposition of the property and in the management of the trust.

3. IT HAS NO JURISDICTION TO SET ASIDE AN ILLEGAL ASSIGNMENT.

    The probate court, therefore, has no jurisdiction of an action to set aside an assignment for the benefit of creditors of a corporation, on the ground that such assignment was uncalled for, unnecessary and in fraud of creditors and stockholders, and was made by a minority of the directors of the corporation.

4. INJUNCTION IS THE REMEDY AND COMMON PLEAS' HAS JURISDICTION.

    The remedy, if the assignment was illegal, and the assignee illegally appointed, for the reason stated, is by injunction, upon proper application to the court of common pleas.

ERROR to the Court of Common Pleas of Belmont county.

LAUBIE, J.

This case is a proceeding in error to reverse a judgment of the court of common pleas in refusing to grant an injunction, and in dismissing the petition for want of jurisdiction, on the ground that the probate court had exclusive jurisdiction of the subject-matter of the suit.

The amended petition sets out that the plaintiffs are stockholders in the association or company defendant; and that instead of it being a savings association, it is a building and loan association. That on October 29, 1897, a pretended assignment for the benefit of creditors was made by persons who had been directors of the company. That at the time of the making of the assignment there were five of the seven directors present, but that only three of them voted for the assignment; that six of the directors were not the owners of any stock in this association at the time of this assignment, having theretofore cancelled their stock and paid themselves the full amount of the same, and had no authority to make the assignment, because they had ceased under the law to be directors from the fact that they had ceased to be holders and owners of any stock.

It is alleged that the assignee, Pratt, was in collusion with these directors in making this illegal assignment; that he had been attorney for the directors, and that he counseled and advised them to cancel their stock, and pay themselves the amount thereof and then make the assignment to him; and it is averred that he will proceed to sell the real estate of the company unless he is enjoined therefrom.

Plaintiffs further allege that the company was not insolvent; that it has assets to the amount of over twenty-three thousand dollars, and

that its total amount of debts due, or to become due, to outside creditors was only seven hundred and two dollars; and that except said sum of seven hundred and two dollars there were no claims against said association except such as were based upon the ownership of stock therein. That the said Pratt had in his hands at the date of the making of his inventory and appraisement as such assignee, of the moneys belonging to said association, the sum of twenty-two hundred and one dollars and forty-four cents.

It appears from the record that this cause came on for hearing in the court below on the application of the plaintiffs herein for an injunction, and was submitted to the court upon the pleadings, the affidavit of H. G. Pratt and the affidavit of E. O. Padelford; and on consideration thereof the court refused to grant an injunction therein, with the finding and order following: "And it appearing that the court had no jurisdiction of the subject-matter of this action, the amended petition of plaintiffs herein is hereby dismissed, and the case is stricken from the docket." To this there was an exception, and a bill of exceptions was taken and made a part of the record. The question, therefore, is presented: Did the common pleas court have jurisdiction of this subject-matter of this petition; that is, to adjudicate as to the legality of the assignment.

There can be no doubt of the right of the court of common pleas to take jurisdiction of the matter, unless the probate court had exclusive jurisdiction of the subject-matter, or, having concurrent jurisdiction, had already taken jurisdiction thereof, so as to prevent the court of common pleas from exercising its jurisdiction.

It was stated in argument, and conceded by counsel, that the probate court had previously passed upon the question, and held that it had no jurisdiction to determine the question made as to the illegality of this assignment, so that the two courts were in conflict in the matter.

What jurisdiction did the probate court have of such question? Its jurisdiction is limited by statute, is specific and not general, and its auxiliary and incidental powers are limited to such as are necessary and proper to carry into effect the powers expressly granted.

This has been the universal holding of the Supreme Court when the matter of the jurisdiction of the probate court has been considered. The leading case is Davis v. Davis, 11 O. S., 386. That was a case where a widow had elected to take under the will of her husband, and the election was formally made and entered upon the journal, and afterwards, within a year from its probate, the probate court set it aside at her instance, and the Supreme Court held that the probate court had no authority, for want of jurisdiction, to cancel the election previously made and entered upon its journal, for an alleged mistake of the party so electing as to the provisions and effect of the will; that such election, when made and recorded, can be vacated only on the petition to the court of common pleas—the only court having original general equity jurisdiction.

That was a case where the subject-matter was apparently more nearly within the jurisdiction of the probate court than in the case before us, for the probate judge is not only required by statute to notify the widow to appear and make the election, but he is required to advise her fully as to the provisions of the will, so she may fully understand her rights and the effect thereon of her election. Under such conditions, one might well suppose, at first blush, that the probate court had sufficiently acquired jurisdiction of the subject-matter to adjudicate upon the ques-

Jones v. Savings Association Co.

tion of an alleged mistake as to the provisions of the will, upon part of the widow, and the effect thereof upon her rights, but the Supreme Court properly held otherwise.

In the opinion as given it is said:

"The probate court, as created by statute (Swan & Critchfield, 1212)' is one of special and limited jurisdiction. Its jurisdiction in probate and testamentary matters even, is special and not general, ex gra. 1. To take proof of wills, and to admit to record authenticated copies of wills executed, proved and allowed in the courts of any other state, territory or country. 2. To grant and revoke letters testamentary and of administration. 3. To direct and control the conduct, and to settle the accounts of executors and administrators, and to order a distribution of estates. 4. To appoint and remove guardians, to direct and control their conduct, and to settle their accounts, etc. And this is true of all the jurisdiction thereby conferred; they are all grants of specific and not general jurisdiction, and the auxiliary and incidental powers of the court are expressly limited to such as are necessary and proper to carry into effect the powers thereby expressly granted.

"The authority of the probate judge to receive and record the election of the widow is not conferred by this section, but by sections 43, 44, 45 and 46 of the act relating to wills; and by that act the duties of the probate judge are limited to an explanation of the will and the entering of her election, if made, upon the minutes of his court. His duties under the statute terminate with that entry, and no further action on his part is contemplated. When the entry is once made in conformity with the statute, his authority in regard to it is at end. If her election was procured by fraud or imposition, or entered under such a mistake as would justify its rescission, resort may be had to the chancery powers of the court of common pleas, which are ample to meet the exigency by inquiring into the fraud, imposition or mistake, and if true, directing a cancellation of the entry of election and this may be done even after the expiration of one year from the probate of the will, if other and new interests have not intervened. But the probate court has no such powers under the general statute, nor under the act relating to wills."

In Sayler v. Simpson, 45 O. S., 141, 145, where the question was as to the power of the probate court to adjudicate upon the validity of liens in assignments, it is said:

"But the claim is, that the probate court was without power to adjudicate upon validity, and adjust the priority of those liens. It is not disputed that the probate court is one of limited and special jurisdiction, possessng only such as is conferred by statute, with such auxiliary and incidental powers as are necessary and proper to carry into effect those expressly granted. Davis v. Davis, supra. Nor is it claimed that there is any constitutional impediment to conferring on that court, by appropriate legislation, the jurisdiction in question. The important inquiry is, has it been done? We are of opinion it has. The several provisions of the statutes relating to assignments by insolvent debtors, and proceedings thereunder, adequately endow probate courts with jurisdiction to order the sale of the assigned property, and the payment of all incumbrances and liens thereon by the assignee out of the proceeds, according to their priority; and they may, in the exercise of such jurisdiction, decide upon the validity of such liens, and determine to what extent, and in what order, they are entitled to be so paid."

In Clapp v. Banking Co., 50 O. S., 528, it is said:

"A power given to make a particular order implies authority to hear and dispose of all questions which it is necessary to have settled before the making of such final order, unless the needed authority is distinctly denied."

Undoubtedly, where a power is given to make a particular order, it implies an authority to hear and dispose of all questions which it is necessary to have settled before the making of the order; as, in the case that the court was considering, an application to compel a railroad company to appropriate land it had already taken into its possession; the statute provides that where land, the property of another, has been thus taken, the owner may come in and compel its appropriation. Therefore, as a necessary antecedent to the making of an order of appropriation, there must be a finding of the fact, if not admitted, that the plaintiff was the owner of the land taken. This would be directly within the auxiliary powers of the court and incidental to the power conferred of ordering the appropriation. The court was simply announcing the rule theretofore established, that probate courts have the power to adjudicate upon all questions which are necessary to be settled before making an order which they are expressly authorized by statute to make.

Applying this rule to the case at bar, we find that in sec. 524, Rev. Stat., it is provided:

"The probate court shall have exclusive jurisdiction except as hereinafter provided: First, to take the proof of wills. * * *

"Ninth. To qualify assignees and appoint and qualify trustees and commissioners of insolvent debtors, control their conduct and settle their accounts."

And sec. 6335 Rev. Stat., provides:

"When any person, partnership, association or corporation shall make an assignment to a trustee of any property, money, rights or credits in trust for the benefit of creditors, it shall be the duty of said assignee, within ten days after the delivery of the assignment to him, and before disposing of any property so assigned, to appear before the probate judge of the county in which the assignor resided at the time of executing the said assignment, produce the original assignment, or a copy thereof, cause the same to be filed in the probate court, and enter into a bond, payable to the state in such sum and with such sureties as shall be approved by the court, conditioned for the faithful performance, by said assignee, of his duties according to law; and the court may require the assignee, or any trustee subsequently appointed, to execute an additional undertaking whenever the interest of the creditors of the assignor shall demand the same; any such assignment shall take effect only from the time of delivery to the probate judge, and the exact time of such delivery shall be indorsed thereon by the probate judge, who shall immediately note the filing on the journal of the court; and it may be delivered by the assignor to the probate judge either before or after its delivery to the assignee."

So that, so far as the assignment itself is concerned, the probate judge is authorized to do nothing in regard to it, except to receive it, to indorse upon it the time of its reception, and note the filing of it on the journal of the court. This he is specially required to do, and in addition, so far as the assignee is concerned, to fix the amount of and approve the bond; and the assignment takes effect immediately from the time of its delivery to the probate judge. The probate judge has nothing whatever to do with the making of an assignment. He can not

Jones v. Savings Association Co.

direct it to be made, and can make no order in regard thereto. It is a thing an individual or corporation has a perfect right to make, and to select the assignee; and all that the law authorizes the probate judge to do, is to receive it in his office, indorse thereon the time when it was received, and enter the filing of it upon the journal. He is not required to adjudicate upon its legality or its execution, or whether the party had the right to make the assignment or not. No inquiry is to be made by the probate judge in regard to it whatever. What further duties he has to perform are in regard to directing the assignee in the disposition of the property and in the management of the trust.

So, as there is no order as to the execution or the validity of an assignment to be made by the probate judge, there can be no auxiliary or incidental powers as to those questions; and in our opinion a probate court has no jurisdiction to adjudicate such questions.

We say nothing about the injunction that is prayed for, because if this assignment was illegal, and the assignee illegally appointed, for the reasons alleged, an injunction ought, of course, to issue against him to restrain him from disposing of the property. That must be done, however, by the court of common pleas upon proper application.

The judgment of the court of common pleas is reversed and the cause remanded to it for further proceedings.

*T. W. Shreve* and *C. A. Mabon,* for plaintiff.

*H. G. Pratt* and *James C. Tallman,* for defendants.